NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000402**
**22-MAY-2019**
**08:23 AM**

NOS. CAAP-17-0000402 and CAAP-17-0000700

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


**CAAP-17-0000402**
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE C-BASS
MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-CB1,
Plaintiff-Appellee,
v.
JUNG HOON KIM, Defendant-Appellant,
and
MIDLAND FUNDING LLC, Defendant-Appellee,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 15-1-031)


**CAAP-17-0000700**
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE C-BASS
MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-CB1,
Plaintiff-Appellee,
v.
JUNG HOON KIM, Defendant-Appellant,
and
MIDLAND FUNDING LLC, Defendant-Appellee,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 15-1-031)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Chan, JJ.)

These two appeals, which have been consolidated by this court, arise out of a judicial foreclosure action initiated by Plaintiff-Appellee U.S. Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, Series 2007-CB1 (**U.S. Bank**) against Defendant-Appellant Jung Hoon Kim (**Kim**) in the Circuit Court of the Third Circuit (**circuit court**).

In CAAP-17-0000402, Kim appeals from a "Judgment [on the Decree of Foreclosure]" (**Foreclosure Judgment**), entered pursuant to the "Findings of Fact, Conclusions of Law, and Order Granting Plaintiff's Motion for Summary Judgment for Foreclosure Against all Defendants and For Interlocutory Decree of Foreclosure" (**Decree of Foreclosure Order**), both filed on October 31, 2016.[1] Kim also challenges an "Order Denying Defendant Jung Hoon Kim's Non-Hearing Motion for Reconsideration of this Court's (1) Plaintiff's Findings of Fact, Conclusions of Law, and Order Granting Summary Judgment For Foreclosure Against all Defendants and For Interlocutory Decree of Foreclosure, and (2) Judgment Thereon, Filed on 10/31/2016" (**Order Denying Reconsideration**), filed on April 17, 2017.

In CAAP-17-0000700, Kim appeals from a "Judgment [on the Confirmation of Sale]" (**Confirmation of Sale Judgment**), entered pursuant to an "Order Confirming Foreclosure Sale, Approving Commissioner's Report, Allowance of Commissioner's Fees, Attorneys' Fees, Costs, Directing Conveyance and For Writ of Ejectment" (**Order Confirming Sale**), both filed on September 15, 2017.[2]

In both appeals, Kim contends that the circuit court erred because: (1) there were factual issues concerning U.S. Bank's standing; and (2) the circuit court lacked jurisdiction to

---

[1] The Honorable Glenn S. Hara presided over the relevant proceedings in CAPP-17-0000402.

[2] The Honorable Henry T. Nakamoto and Harry P. Freitas presided over the relevant Confirmation of Sale proceedings in CAAP-17-0000700.

2

foreclose on Kim because he had timely cancelled his mortgage loan pursuant to the Truth-In-Lending Act (**TILA**).

Upon careful review of the record and briefs submitted by the parties and having given due consideration to the arguments and issues they raise, as well as the relevant statutory and case law, we resolve Kim's points of error as follows, and we vacate and remand.

**(1) Standing**

Kim's point of error regarding standing is dispositive under Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017). Under Reyes-Toledo, a foreclosing plaintiff must establish its standing, or entitlement to enforce the subject note, at the time the action was commenced in order to establish its right to foreclose on the subject property. 139 Hawai'i at 367-71, 390 P.3d at 1254-58. This can be established through admissible evidence showing that the foreclosing plaintiff was in possession of the note at the time the complaint was filed. Id. at 370-71, 390 P.3d at 1257-58. The requirement that a foreclosing plaintiff must establish possession also applies when a specially endorsed note is at issue. See US Bank National Association as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WF1 v. Julio, No. CAAP-16-0000418, 2018 WL 5726370, at *2 (Hawai'i App. October 31, 2018); CitiMortgage Inc. v. Mather-Gemelli, No. CAAP-15-0000707, 2017 WL 2169857, at *1-2 (Hawai'i App. May 17, 2017).

U.S. Bank's "Complaint For Mortgage Foreclosure" (**Complaint**) filed on February 2, 2015 alleges, *inter alia*, that it "is the current holder of the Note with standing to prosecute the instant action as the Note has been duly indorsed and because [U.S. Bank] is currently in rightful possession of the endorsed Note." However, U.S. Bank did not provide evidence to support this assertion.

Like the foreclosing bank in Reyes-Toledo, U.S. Bank was granted a decree of foreclosure by way of summary judgment. In support of its motion, U.S. Bank attached, *inter alia*: (1) a

3

"Declaration of Prior Business Records" by Vanessa Lewis, Contract Management Coordinator for Ocwen Loan Servicing, LLC, servicer for U.S. Bank, executed on December 17, 2015; (2) a "Declaration in Support of Plaintiff's Motion for Summary Judgment", also by Vanessa Lewis, executed on November 16, 2015, (collectively the **Lewis Declarations**); (3) a "Declaration of Counsel" (**Cotton Declaration**), by Jason L. Cotton, counsel for U.S. Bank, executed on April 15, 2016; and (4) a copy of the "Adjustable Rate Note" (**the Note**), which indicates that New Century Mortgage Corporation (**New Century**) was the lender for the Note, and that New Century specially indorsed the Note to U.S. Bank.

As U.S. Bank concedes in its answering brief, and as confirmed by our review of the record, there is no evidence in the record to establish that U.S. Bank had possession of the Note at the time it filed its Complaint on February 2, 2015.[3]

U.S. Bank argues that the standing requirements adopted in Reyes-Toledo should not be applied retroactively to the instant case. However, in Reyes-Toledo, the Hawai'i Supreme Court applied the standing requirements to the parties in that case and did not rule that the standing requirements should be applied prospectively. We are required to apply the holdings in Reyes-Toledo.

Viewing the evidence in the light most favorable to Kim, as we must for purposes of a summary judgment ruling, there

---

[3] In the "Declaration in Support of Plaintiff's Motion for Summary Judgment" executed on November 16, 2015, Vanessa Lewis attested that "[U.S. Bank] *is* in possession of an original promissory note dated 07/20/2006[.]" (Emphasis added). Further, in the Cotton Declaration, executed on April 15, 2016, Jason L. Cotton attested that "TMLF Hawaii, LLLC *is* in possession of the [Note,]" and "[i]n representing [U.S. Bank] in this foreclosure action and as part of our working processes, I *have* physical possession of the Note." (Emphases added).

Because the Lewis Declarations and Cotton Declaration do not attest that U.S. Bank was in possession of the Note at the time the Complaint was filed on February 2, 2015, we need not address whether the declarations are appropriate to authenticate the pertinent records under U.S. Bank N.A. v. Mattos, 140 Hawai'i 26, 398 P.3d 615 (2017) and Wells Fargo Bank, N.A. v. Behrendt, 142 Hawai'i 37, 414 P.3d 89 (2018).

is a genuine issue of material fact as to whether U.S. Bank had standing when this foreclosure action commenced. Accordingly, pursuant to Reyes-Toledo, the circuit court erred in granting summary judgment for U.S. Bank on the decree of foreclosure and in entering the subsequent Foreclosure Judgment and Confirmation of Sale Judgment.[4]

### (2) TILA

With regard to Kim's contention that he cancelled his mortgage loan pursuant to TILA, the circuit court rejected Kim's TILA argument. In this regard, the circuit court orally ruled that U.S. Bank submitted a properly authenticated copy of a Notice of Right to Cancel signed by Kim which was complete (including relevant dates), while Kim relied on an incomplete version of the notice (without relevant dates) which was not authenticated. The circuit court thus held that there were no genuine issues of material fact regarding Kim's right to cancel.

However, Kim's declaration regarding the TILA issue attests that "I did not receive two completed copies of the 'Notice of Right to Cancel' at closing of the subject loan." In Hawaii Community Federal Credit Union v. Keka, 94 Hawai'i 213, 224, 11 P.3d 1, 12 (2000), the Hawai'i Supreme Court stated that "TILA provides that 'written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof.'" (Emphasis added).

> The case law of other jurisdictions is well settled that a debtor's affidavit averring non-delivery is sufficient to create a genuine issue of material fact as to whether the statutory presumption had been rebutted, thereby precluding

---

[4] U.S. Bank asserts that Kim's challenge to U.S. Bank's standing regarding the Confirmation of Sale Judgment is barred under the doctrine of *res judicata* pursuant to this court's holdings in Nationstar Mortgage LLC v. Akepa Properties LLC, No. CAAP-15-0000407, 2017 WL 1401468, (Hawai'i App. April 19, 2017) and Bank of America, N.A. v. Panzo, No. CAAP-14-0001356, 2017 WL 1194002 (Hawai'i App. March 31, 2017). We conclude this argument lacks merit because unlike the appellant in Akepa and Panzo, Kim has timely appealed from the Foreclosure Judgment. As such, Kim's challenge to U.S. Bank's standing is not precluded under the *res judicata* doctrine.

summary judgment with respect to a claim based upon a debtor's assertion of non-delivery. Stone v. Mehlberg, 728 F.Supp. 1341, 1353-54 (W.D. Mich.1989 & Supp. Opinion 1990); Powers v. Sims & Levin Realtors, 396 F.Supp. 12, 22-23 (E.D.Va.1975) ("congressional policy, as expressed by 15 U.S.C. § 1635(c), precludes granting a creditor summary judgment on the basis of a receipt acknowledgment alone where the [debtors] deny by affidavit that they received the disclosures required by [TILA]"); Cintron v. Bankers Trust Co., 682 So.2d 616, 616-17 (Fla.Dist.Ct.App.1996); Award Lumber & Constr. Co., Inc. v. Humphries, 110 Ill.App.3d 119, 65 Ill.Dec. 676, 441 N.E.2d 1190, 1191-92 (1982) (discussing relevant case law and concluding that, "while an affidavit of non-delivery from defendant in this case would have sufficed to create a material issue of fact, the mere allegation thereof . . . is insufficient to rebut the presumption raised by the signed acknowledgment of receipt").

Id. at 224-25, 11 P.3d at 12-13. In Keka, the Hawai'i Supreme Court held that, although the lender had produced copies of TILA disclosures signed by the borrowers, the borrowers' affidavits and declarations asserting they had not received copies of the documents at the time of signing "raised a genuine issue of material fact as to whether the [lender] timely provided the [borrowers] with the disclosures required by TILA." Id. at 225, 11 P.3d at 13.

Given Kim's declaration attesting that he did not receive completed copies of the Notice of Right to Cancel at closing of the loan, it appears under Keka that there are genuine issues of material fact as to Kim's contentions under TILA. We note however, as asserted by U.S. Bank on appeal, that Kim must further establish that TILA is applicable to the loan in question in this case. Because this case is being remanded, the parties may further address the TILA issues before the circuit court.

Therefore, IT IS HEREBY ORDERED that:

(1) In CAAP-17-0000402, the "Judgment", and the "Findings of Fact, Conclusions of Law, and Order Granting Plaintiff's Motion for Summary Judgment for Foreclosure Against all Defendants and For Interlocutory Decree of Foreclosure", both filed on October 31, 2016, and the "Order Denying Defendant Jung Hoon Kim's Non-Hearing Motion for Reconsideration of this Court's (1) Plaintiff's Findings of Fact, Conclusions of Law, and Order

Granting Summary Judgment For Foreclosure Against all Defendants and For Interlocutory Decree of Foreclosure, and (2) Judgment Thereon, Filed on 10/31/2016", filed on April 17, 2017, all entered by the Circuit Court of the Third Circuit, are vacated.

(2) In CAAP-17-0000700, the "Judgment", and the "Order Confirming Foreclosure Sale, Approving Commissioner's Report, Allowance of Commissioner's Fees, Attorneys' Fees, Costs, Directing Conveyance and For Writ of Ejectment", both filed on September 15, 2017, by the Circuit Court of the Third Circuit, are vacated.

This case is remanded to the Circuit Court of the Third Circuit for further proceedings consistent with this order.

DATED:  Honolulu, Hawai'i, May 22, 2019.


On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendant-Appellant.

Peter T. Stone,
Charles R. Prather,
Andrew Y.C. Lee,
(TMLF Hawaii, LLLC),
Daisy Lynn B. Hartsfield,
(Of Counsel),
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

7